```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :    CRIMINAL ACTION
                                :    NO. 10-00059-01
     v.                         :
                                :
MICHAEL SPIVEY.                 :
                                :
```

M E M O R A N D U M

Eduardo C. Robreno, J.                              July 8, 2020

I. Introduction

Michael Spivey moves for Compassionate release in light of the COVID-19 pandemic. For the reasons that follow, the motion will be denied.

On August 30, 2011, the Court entered judgment against Mr. Spivey on 7 counts related to a string of armed robberies of McDonald's Restaurants. See ECF No. 163. Mr. Spivey was 22 at the time of the offenses.

Presently, Mr. Spivey is a 33-year-old man who suffers from sickle-cell disease and type 2 diabetes. Mr. Spivey has served 10.5 years of his 168-month sentence and is scheduled for release in July 2021. He is currently housed at FMC Devens, where there have been at least 52 inmates infected with COVID-19 (out of 843 inmates) as well as six staff member infections and one inmate death. See ECF No. 281 at 19; ECF No. 283 at 7;

Federal Bureau of Prisons, COVID-19 Cases (accessed July 8, 2020), https://www.bop.gov/coronavirus/; Federal Bureau of Prisons, FMC Devens (accessed July 8, 2020), https://www.bop.gov/locations/institutions/dev/.

II.  Discussion

Following an inmate's exhaustion of administrative remedies within the Bureau of Prisons, a Court may "reduce [an inmate's] term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A); see United States v. Rodriguez, No. 03-271, 2020 WL 1627331, at *2 (E.D. Pa. Apr. 1, 2020).  Defendant has satisfied the statute's exhaustion requirements. Thus, to prevail on his motion, the Court must (1) find extraordinary and compelling reasons warrant a reduction and (2) consider the applicable 3553(a) sentencing factors. Additionally, as many district courts have held, the Sentencing Commission's policy statements "provide[] helpful guidance" when considering a motion for compassionate release. Id. at **6, 11.

Although the statute does not define "extraordinary and compelling," the Sentencing Commission issued a policy statement identifying circumstances that constitute "extraordinary and

compelling" reasons justifying compassionate release. See U.S.S.G. § 1B1.13 cmt. n.1(A)-(D). The policy statement lists "three specific examples" and also "provides a fourth 'catchall provision.'" Rodriguez, 2020 WL 1627331, at *2. Relevant to this case is the specific example listed in Note 1(A), which provides that extraordinary and compelling reasons exist where a "defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). The parties agree that "due to his comorbidities of sickle cell disease and diabetes mellitus type 2," ECF No. 281 at 7, Defendant's underlying health status meets this definition.[1]

The Court will assume, for purposes of this motion and without deciding, that Defendant's underlying health conditions,

---

[1] The Court, however, notes that Defendant's motion does not show that he has a plan to better prevent suffering from COVID-19 complications if released from custody. Defendant's motion argues that, due to his sick-cell diagnosis, he "must leave the facility approximately once a month to receive blood transfusions at an outside hospital, which greatly increases his risk of contracting COVID-19. In light of his need for outside medical treatment, the conditions at FMC Devens, and the increasing numbers of COVID-19 cases there, Mr. Spivey's likelihood of contracting COVID-19 grows with each passing day." ECF No. 277 at 7. However, Defendant also states he "[h]as a [h]ome [p]lan [w]here [h]e [c]an [s]elf-[i]solate." ECF No. 277 at 11-12. Yet, this plan fails to address Defendant's earlier assertion that he requires monthly blood transfusions. Presumably, Defendant would have a continuing need to leave home to receive blood transfusions, but his release plan does not address how he could safely continue to receive such treatments.

including sickle-cell disease, present extraordinary and compelling reasons for compassionate release in light of the COVID-19 pandemic.2 Nevertheless, the Court will deny the motion because compassionate release is not warranted under the relevant Section 3553(a) factors.

The relevant Section 3553(a) factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

---

2   Other courts have recently dealt with the issue of extraordinary and compelling reasons presented by defendants with sickle-cell diagnoses. Compare United States v. Thompson, No. 92-30065-001, 2020 WL 3470300, at *3 (C.D. Ill. June 25, 2020) ("[It] is conceivable that a person with the sickle cell trait may experience serious complications if diagnosed with COVID-19. Defendant Thompson also suffers from serious back injuries, previous drug addictions, and obesity. All of these factors increase the serious risks of COVID-19 for Defendant. . . . Therefore, the Court finds that extraordinary and compelling reasons exist that warrant a reduction in Defendant Thompson's sentence." (citations omitted)), with United Stats v. McCall, --- F. Supp. 3d. ---, No. 2:18cr95-MHT, 2020 WL 2992197, at **3-5 (M.D. Ala. June 4, 2020) (granting compassionate release, without deciding whether the potential that a defendant with sickle-cell disease might contract COVID-19 constitutes extraordinary and compelling reasons, because McCall's "circumstances changed dramatically when he tested positive for COVID-19" after his motion and he was exhibiting "life-threatening" symptoms of complications requiring "immediate care"), and United States v. Profit, No. 8:19-cr-00210-T-02CPT, 2020 WL 3073910, at *2 (M.D. Fla. June 10, 2020) ("Defendant alleges that she suffers from sickle cell anemia. . . . However, Defendant does not allege that her condition is terminal or that the steps taken by the BOP to mitigate the effects of COVID-19 have failed to meet her needs. Thus Defendant fails to demonstrate that her condition constitutes an extraordinary and compelling reason warranting relief." (citation omitted)), and United States v. Evans, No. 1:18-cr-00266-JRS-MJD, 2020 WL 3447770, at *3 (S.D. Ind. June 24, 2020) ("Mr. Evans . . . was born with asthma and sickle cell anemia and has been diagnosed with hypertension and stage 3 kidney disease since being incarcerated. . . . The Court need not decide whether these facts amount to extraordinary and compelling reasons warranting a sentence reduction because it concludes that Mr. Evans is a danger to the community." (citations omitted)).

>    (C) to protect the public from further crimes of the defendant; and
>
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> ... [and]
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]

18 U.S.C. § 3553(a).

Section 3553 also instructs that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)." Id.

The Sentencing Commission's policy statement, which "provides helpful guidance" to the Court, Rodriguez, 2020 WL 1627331, at *11, provides for granting a sentence reduction when the Court determines that "[t]he defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

The sentence in this case was imposed as the result of Defendant's serious and violent criminal acts. Defendant robbed four McDonald's restaurants and beat an employee with a bat during one of the robberies. See ECF No. 281 at 18. Prior to the underlying crime in this case, which Defendant committed at age 22, Courts imposed juvenile adjudications for delinquency on three occasions. See ECF No. 281 at 1 (citing PSR ¶¶ 89-93); ECF No. 283 at 3 n.9 ("When Mr. Spivey was 11 and 13 years old, he

5

was adjudicated delinquent for misdemeanor simple assaults arising from fighting. At age 17, he was adjudicated delinquent for third degree robbery." (citing PSR ¶¶ 89, 91, 93)). Subsequent to the Court imposing the sentence in this case, Defendant has received three disciplinary infractions, "including refusing to obey orders in 2018 and 2017, [and] possessing a prohibited item (pornography) in 2017." ECF No. 281 at 5. In 2011, during pretrial detention before sentencing, Defendant was sanctioned for fighting with another inmate. See ECF No. 283 at 4 n.11.

Defendant argues that he has "demonstrated significant rehabilitation efforts during his incarceration, including earning his GED in 2013," "comple[ting] over a dozen BOP classes and programs in a sincere effort to better prepare himself for reentry into society[,] and genuinely intend[ing] to lead a productive, law-abiding life upon release." ECF No. 277 at 11. Defendant acknowledges that his underlying charges are for "very serious, admittedly violent crimes in which he participated," but argues that he committed them when he "was barely 22 years old" and that now, at "33 years old, having matured by way of brain development, necessary incapacitation, and sincere remorse, [he] is no longer a danger to the community such that incarceration is necessary." ECF No. 283 at 3.

Even considering evidence of Defendant's post-sentencing rehabilitation, see United States v. Pepper, 562 U.S. 476 (2011), the Court finds that the Section 3553(a) factors do not warrant compassionate release. The full sentence imposed by the judgment in this case is necessary to protect the safety of the community, see 18 U.S.C. § 3553(a)(2)(C), to reflect the seriousness of the underlying crime, see 18 U.S.C. § 3553(a)(2)(A), and in light of both the violence surrounding Defendant's underlying crime and his history with the criminal justice system. See 18 U.S.C. § 3553(a)(1).

III. Conclusion

Because compassionate release is not warranted in light of the relevant Section 3553(a) factors, the Court will deny Defendant's motion.

An appropriate order follows.